COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


DARRELL M. VARNER

                                        MEMORANDUM OPINION*
v.    Record No. 2332-00-4                 PER CURIAM
                                        JANUARY 23, 2001
HAMILTON IRON WORKS, INC. AND
 TRAVELERS INDEMNITY COMPANY OF AMERICA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Lawrence J. Pascal; Ashcraft & Gerel, on
                brief), for appellant.

                (Roger S. Mackey; Law Offices of Roger S.
                Mackey, on brief), for appellees.


        Darrell M. Varner (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that his cerebral hematoma and resulting disability were

causally related to his compensable May 6, 1996 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

―――――――――――――――――――

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In affirming the deputy commissioner's decision that claimant failed to establish a causal connection between his May 6, 1996 fall at work and his subsequent June 1, 1996 fall and related disability, the commission found as follows:

> [N]o medical report authored prior to the June 1, 1996 incident references an injury to the head as a result of the May 6, 1996, accident or notes any complaints of lightheadedness or dizziness between May 6, and June 1, 1996. During this period, the claimant was examined on four occasions by two different physicians, Dr. [Roger] Gisolfi and Dr. [Robert] Kitchen.
>
> Dr. Gisolfi, the physician who examined the claimant on May 13, 23, and 30, 1996, indicated in a July 19, 1996, letter to the insurer that the claimant suffered from an unrelated intracerebral hemorrhage. Dr. [Fraser] Henderson, the neurosurgeon who performed the surgery for the left cerebral hematoma on June 1, 1996, noted an eight-hour history of dizziness. Dr. Henderson's initial assessment was that the hematoma was hypertensive in origin. His subsequent revised report linking the hematoma to the May 6, 1996, fall was premised on the assumption that the claimant had continuous symptoms of lightheadedness and dizziness from the time of the fall to the time of the diagnosis of the hemorrhage on June 1, 1996. This assumption is unsupported by the contemporaneous medical records. Dr. Henderson's reports fail to indicate that he reviewed the pre-June 1, 1996 medical records.

-

The commission's factual findings are fully supported by the record. Based upon the lack of any support in the contemporaneous medical records for the change in Dr. Henderson's initial opinion regarding causation, and the contrary medical opinions of Dr. Gisolfi, Dr. Ramon B. Jenkins, and Dr. Bruce J. Ammerman, the commission, as fact finder, was entitled to reject Dr. Henderson's opinions. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Moreover, in light of the lack of "medical documentation of any head trauma or related symptoms between May 6, 1996, and the June 1, 1996, fall at home," the commission, as fact finder, was entitled to give little probative weight to the testimony of claimant's wife and to conclude that "the claimant has [not] proven a causal relationship between the fall of May 6, 1996, at work and his cerebral hematoma."

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, the commission's findings are binding and conclusive upon us on appeal.

-

For these reasons, we affirm the commission's decision.

Affirmed.